## HARPER MACHINE COMPANY v. JOHN A. SINCLAIR.

Argued November 6, 1907—Decided February 24, 1908.

1. Where a Supreme Court issue is referred by consent at the Circuit, with no statement in the rule of reference that the award is to have the effect of an arbitration, the award is treated as a verdict.

2. Either party may apply to this court to set aside the award and grant a new trial without first applying to the judge or justice of the court which ordered the reference.

---

On application for a new trial.

Before Justices GARRISON and REED.

For the defendant for application, *Addison Ely.*

For the plaintiff, *contra, Hugh B. Reed.*

The opinion of the court was delivered by

REED, J. This case was once tried before a jury, and on a rule to show cause, obtained by the plaintiff, a new trial was granted. The cause was then referred by the trial court to a Supreme Court commissioner to state and report an account

between the parties. No entry was made at the time by either party to the reference of a reservation of right of trial by jury. The reference stands as one made by consent. The referee made his report, which was affirmed and a *postea* signed, according to sections 155, 156 of the Practice act, and judgment was rendered thereon.

In the absence of any statement in the rule of reference by consent whether the award of the referee was to have the effect of a finding by arbitration or the force of a verdict, it must be treated as a verdict. *Rule of Supreme Court,* No. 80.

The remedy for a dissatisfied party is to move to set aside the award as a verdict, and grant a new trial. *Beattie* v. *David,* 11 *Vroom* 102; *Runyon* v. *Hodges,* 17 *Id.* 359; *Children's Home Association* v. *Hall,* 18 *Id.* 152.

It is insisted by the plaintiff that as no application was made to Judge Heisley, who referred the case, within six days after the verdict and finding, no application can now be made to this court grounded upon any matter known to the party before the expiration of the six days. *Supreme Court Rule,* No. 34.

This rule, however, does not seem to apply to awards by a referee, for in such case the trial cannot be said to have taken place before any judge, and the rule requires that preliminary application should be made to the judge before whom the trial took place.

The plaintiff therefore is properly in court for the purpose of the present motion.

This action was brought to recover the balance alleged to be due to the plaintiff for the hire of a locomotive and railroad rails, and other property leased to the defendant, who is a contractor.

An agreement dated September 4th, 1903, provided, among other things, for the rent of a locomotive and cars, the rent to begin from the time of their delivery to the plaintiff, and the rent to continue two months at least. This agreement permitted the defendant to make an inspection of the engine and cars before shipment.

By another agreement, dated September 15th, 1903, there was leased to the defendant about two and one-half or three miles of relaying rails with fish-plates, for a term of not less than two months, the rent to begin upon delivery, and the rent was to be $3 per ton.  By letters it was subsequently agreed that if the weather was so freezing cold the defendant would be unable to work, no rent for the plant would be charged for the months of January, February and March, with the understanding, however, that the defendant would begin using the plant on a rental basis after March 31st, 1904. It was understood that this agreement was not to affect the rental up to January 1st, 1904.

In the bill of particulars there are a large number of items other than those relating to the relaying rails and the locomotive, but the application for a new trial is confined to those items of charges which deal with the rental of the engine and of the rails.

Respecting the finding of the referee for the rental of the locomotive, which machine was not used after March 31st, 1904, we see no reason to interfere with the award.

The refusal of the referee to receive evidence of the condition of the locomotive during the period of the letting, was obviously based upon the provision in the contract for an inspection by the lessee before delivery of the engine to the lessee; upon the view of the referee concerning the inspection which occurred and of the parol agreement alleged to have accompanied the inspection, and upon the retention of possession by the lessee and his use of the locomotive.

There was no express warranty as to the condition of the locomotive, and, so far as appears, no concealment of any defects, nor does it conclusively appear that there were defects which a reasonable inspection would not have disclosed.  So far as the alleged parol agreement would have varied the rule of *caveat emptor,* which applies in such a situation, the evidence of the existence and scope of such an agreement was a matter for the judgment of the referee.  So we see no ground for disturbing the finding as to the rental of the locomotive.

We think, however, that the amount of rental allowed for the rails excessive to, at least, the sum claimed by the defendant, namely, $186.

We find no testimony to support so much of the claim. Unless the plaintiff files a consent to remit this amount of $186 from the award, the rule to show cause will be made absolute. Upon filing of such remission the rule will be discharged, or the motion to set aside the award refused.